948 F.2d 1281
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stevie Darwin McNEW, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-1056.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 2, 1991.
Decided Nov. 22, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Samuel G. Wilson, District Judge. (CA-86-194-B)
 Argued: Henry Smith Keuling-Stout, Big Stone Gap, Va., for appellant; Julie Campbell, Assistant United States Attorney, Abingdon, Va., for appellee.
 On Brief: Jerry E. Dishner, Gate City, Va., for appellant; E. Montgomery Tucker, United States Attorney, Jerry W. Kilgore, Assistant United States Attorney, Abingdon, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Stevie Darwin McNew appeals the adverse judgment of the district court in his action brought against the United States under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. Finding no error, we affirm the judgment of the district court.
 
 
 2
 On December 15, 1984, McNew was driving a tractor-trailer truck in the Jefferson National Forest, located in Scott County, Virginia. McNew had contracted with the United States to conduct logging activities in the Jefferson National Forest. On this date, as McNew attempted to negotiate a curve on the Maple Gap Road (Road 239), the right rear wheels of the trailer slipped off the road, causing the trailer and tractor to fall down a mountainside and McNew to go through the windshield of the tractor. As a result of the accident, McNew suffered serious personal injuries and extensive damage to his truck, and he brought suit against the United States alleging negligent maintenance of the Maple Gap Road.*
 
 
 3
 McNew alleged and sought to prove that the Forest Service's negligence in failing to apply gravel to the road surface at the site of the accident caused a portion of the road to give way and collapse under the rear wheels of his trailer. At trial, Harold Sutherland, the Forest Service road manager who was directly responsible for maintaining the Maple Gap Road, testified that he was concerned about the road needing gravel for better traction and was worried about whether trucks might slide off the road without it. The United States contended and offered evidence, however, that McNew had simply driven off the side of the road. At trial, the Government produced Forest Service personnel, a state trooper, and an expert witness to testify that the Maple Gap Road had been properly maintained and had not collapsed; that there was no evidence of road failure; that McNew had been observed several times successfully traveling the road, but had also been observed having trouble with some of the curves in the road; that the road was wide enough at the curve to accommodate a truck the size of McNew's; and that all indications were that McNew had taken the curve too sharply and had gone over the side of the road.
 
 
 4
 At the conclusion of the trial, the district court found that McNew had not proven negligence by a preponderance of the evidence and entered judgment for the United States. The court was not persuaded that the Maple Gap Road had been negligently maintained by the Forest Service, nor that McNew's accident had occurred because the road collapsed or was in need of gravel, and so found.
 
 
 5
 On the conflicting evidence of the accident's cause, these critical factual findings of the district court are plausible, hence not clearly erroneous ones, see Anderson v. Bessemer City, 470 U.S. 564, 572 (1985), and support the judgment in favor of the United States. Accordingly, we affirm that judgment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Before bringing suit in federal court, McNew made an administrative claim to the Department of Agriculture as required by 28 U.S.C. §§ 2675(a) and 2401(b)